FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 24, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALI KANE, *also known as* Abdoulaye Toumbou,<br><br>Plaintiff,<br><br>v.<br><br>C/O MONTOYA,<br><br>Defendant. | No: 4:26-CV-05129-RLP<br><br>ORDER DISMISSING ACTION<br><br>**1915(g)** |

By Order filed September 15, 2026, the Court advised Plaintiff Ali Kane of the deficiencies of his Complaint and directed him to amend or voluntarily dismiss his Complaint within sixty (60) days. ECF No. 8 at 9–11. Plaintiff is proceeding *pro se* and *in forma pauperis*. Defendant has not been served.

At the time he filed the Complaint in this action, Plaintiff was incarcerated at the Washington State Penitentiary. ECF No. 1 at 2. On October 6, 2026, Plaintiff filed a Notice of Change of Address, notifying the Court of his transfer to the Monroe Correctional Complex. ECF No. 9. On November 3, 2026, and again on November 6, 2026, Plaintiff filed two more Notices of Change of Address,

providing the Court with a residential address in Seattle, Washington. ECF Nos. 10–11.

In its Order dated September 15, 2026, the Court cautioned Plaintiff that if he failed to comply with the directives in the Order, the Court would dismiss his Complaint seeking monetary damages for the alleged use of excessive force and deliberate indifference to serious medical needs. ECF No. 8 at 10–11; *see* ECF No. 1 at 4–6. Plaintiff did not comply with the Court's Order and has filed nothing further in this action.

The Court determined that Plaintiff failed to state a claim for relief against the named Defendant. ECF No. 8 at 6–7. Specifically, Plaintiff presented no facts from which the Court could infer that Defendant Montoya applied force "maliciously and sadistically to cause harm" when he pulled the leash of Plaintiff's handcuffs on August 3, 2026. *Id*. at 7. Further, the Court found to the extent Plaintiff was asserting that he was denied medical care, he did not state facts showing that he was denied care with deliberate indifference to his serious medical needs. *Id*. at 7–8.

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **Plaintiff is advised to read the statutory**

**provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's Complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.**

For the reasons set forth above and in the Court's prior Order, ECF No. 8,

**IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint, ECF No. 1, is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

2. This dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff at his last known address, and **CLOSE** the file.

**DATED** November 24, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE